IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL A. SARBER,**

        Petitioner,

   vs.                       CIVIL ACTION
                                  No. 11-3132-RDR

**KAREN EDENFIELD,**

        Respondent.

**MEMORANDUM AND ORDER**

This matter comes before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se, and he states that he has requested that the Bureau of Prisons transmit the $5.00 filing fee from his institutional account to the clerk of the court.

Petitioner is incarcerated in the Federal Correctional Institution in Big Spring, Texas, serving a federal sentence imposed in the U.S. District Court for the District of Kansas. *U.S. v. Sarber*, 196 Fed. Appx. 673 (10th Cir. 2006). It appears that he entered a guilty plea under an agreement in which the prosecution agreed to recommend concurrent service of that sentence with a Wisconsin state sentence. However, the sentencing court did not enter an order directing such service.

Petitioner seeks a nunc pro tunc designation to a Wisconsin state correctional facility for service of his sentence.

Petitioner proceeds pro se, and the court therefore liberally construes his pleadings. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). However, a party proceeding pro se must comply with the law and the rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.3d 915, 917 (10th Cir. 1992).

"A petition under 28 U.S.C. §2241 ... must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because petitioner is incarcerated in Texas, this court lacks jurisdiction to consider his petition brought pursuant to § 2241. While the defect of filing a petition in the wrong district may be corrected by a transfer, "a court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)(internal punctuation omitted).

Here, the court concludes that a transfer would not serve the ends of justice, as this action presents claims already determined against petitioner in a motion filed in the

2

sentencing court.  *See United States v. Sarber*, 2010 WL 1558948 (D. Kan. 2010).[1]  There, petitioner, while incarcerated in Adelanto, California, filed a motion in the sentencing court to clarify or amend his sentence to direct that the federal and Wisconsin state sentences run concurrently.  The court found that because the sentencing order did not provide for concurrent sentences, petitioner must serve his sentences consecutively. *See* 18 U.S.C. § 3584(a).  Concluding that petitioner could not prevail, the court declined to transfer the motion to the jurisdiction where he was incarcerated.  *Id.* at *2.

This court agrees with the reasoning of the sentencing court and will not order the transfer this matter to the district of petitioner's incarceration.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

A copy of this order shall be transmitted to the petitioner.

---

[1] A copy of the unpublished Memorandum and Order is attached.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 19th day of July, 2011.


                              S/ Richard D. Rogers
                              RICHARD D. ROGERS
                              United States Senior District Judge